

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-89,251-01

**EX PARTE KEITH WAYNE OWENS, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. A20066-1510 IN THE 64th DISTRICT COURT FROM HALE COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of theft of property in an amount between $1,500 and $20,000 and sentenced to eighteen months in state jail after his community supervision was revoked. He did not appeal his conviction.

Applicant contends, among other things, that his plea was involuntary because he received ineffective assistance of counsel in this case. Specifically, Applicant contends that counsel knowingly failed to present evidence that the allegations in this case were false, counsel had a conflict of interest, counsel advised Applicant that he had no rights because he was a contractor, and

counsel failed to take into account Applicant's mental instability. Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that his plea was involuntary due to the ineffective assistance of his counsel. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: December 19, 2018
Do not publish